[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 18-15185
Non-Argument Calendar
_____

D.C. Docket No. 0:17-cr-60233-KMW-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

CALVIN YOUNG,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(September 23, 2019)

Before WILLIAM PRYOR, ROSENBAUM, and FAY, Circuit Judges.

PER CURIAM:

Calvin Young appeals his 210-month prison sentence, below the advisory

guideline range of 235 to 293 months, after pleading guilty to attempted enticement

of a minor, 18 U.S.C. § 2422(b), and possession of child pornography, *id.* § 2252(a)(4)(B). He argues that his sentence is substantively unreasonable because the district court placed too much importance on the amount of pornographic material involved in his offense and did not adequately weigh evidence showing that he poses a low risk of reoffending and is amenable to treatment. After careful review, we affirm.

## I.

The relevant facts are undisputed. On June 30, 2017, a special agent with the Federal Bureau of Investigation was reviewing various online forums known to be frequented by individuals who are sexually interested in children. The agent came across an advertisement that included language commonly used by offenders to advertise their desires without specifically articulating them. The agent responded to the advertisement, which had been posted by Young.

Over the next two months, Young and the agent communicated extensively through electronic means. Young expressed a sexual interest in underage children, particularly boys, asked for and received pictures of the agent's fictitious nine-year-old daughter, and asked the agent to do a "pedo handshake"—an exchange of photos of their genitalia—to make sure that the agent was not affiliated with law

2

enforcement.  Young also disclosed that he had sex with an eight-year-old boy when he was sixteen and that his uncle had abused him from the ages of six to twelve.

By mid-July 2017, the discussion between Young and the agent had turned to a potential meeting.  Young had asked the agent if he knew anyone with a son, and the agent responded that a friend had an eight-year-old boy.  Young said the "sweet spot" for him was ages seven to eleven.  Young expressed a desire to meet with the child as well as the agent's fictitious daughter, and he described the sex acts that he wished to engage in with both children.  As payment for the meeting, Young offered to give his collection of child pornography to the agent.  Young then commented that he "wish[ed] it wasn't seen as such a taboo" and that he's "like[d] young since [he] was in [his] early teens."

Young and the agent agreed to meet at a local restaurant on July 31, 2017.  They arranged for the agent to view Young's child pornography collection before going to the agent's nearby residence, where the children would purportedly be waiting.  In the days leading up to the meeting, Young agreed to bring condoms and sealed lubrication, he again discussed the sex acts he wished to engage in with both children, and he informed the agent he had "baby/toddler stuff" in his child pornography collection if the agent was interested.

3

The initial meeting did not take place because Young was nervous, but the agent and Young agreed to try again on September 1, 2017.  At the meeting, Young was arrested after allowing the agent to preview his child pornography collection on an external hard drive.  Upon his arrest, agents found condoms, lubricant, and sex toys that he brought to the meeting.  A search of the external hard drive revealed 1,183 images and 259 videos depicting child pornography.

Young was indicted and pled guilty to one count of attempt to entice a minor to engage in sexual activity, in violation of 18 U.S.C. § 2422(b), and one count of possession of child pornography, in violation of 18 U.S.C. § 2252(a)(4)(B).  A probation officer prepared a presentence investigation report ("PSR"), and Young filed a sentencing memorandum.

At sentencing, the district court calculated a guideline range of 235 to 293 months of imprisonment based on a total offense level of 38 and a criminal-history category of I.  Then, Young called a forensic psychologist to testify regarding his examination of Young, and Young belatedly tendered the psychologist's report.  The psychologist testified that Young was in the "average risk range"—likely to reoffend at a rate of about 7.9% over a five-year period—compared to other individuals who have committed sex offenses, and that he was agreeable to treatment.  Young personally apologized and expressed remorse for his conduct.

4

Young requested a sentence at the statutory minimum of 10 years, or 120 months, emphasizing his lack of criminal history, strong family support, amenability to treatment, and low risk of recidivism. For its part, the government contended that a sentence within the guideline range satisfied the 18 U.S.C. § 3553(a) factors in this case.

After taking a brief recess to read the psychologist's report, the district court sentenced Young to a total term of 210 months. The court considered the comments and recommendations of the parties, the psychologist's report, the PSR, the guideline range, and the statutory factors set forth in § 3553(a). The court noted that Young was highly educated, had found a desirable job, and was apparently in a loving relationship with his husband before he began collecting child pornography three years before his arrest. But by the time of his arrest in 2017, the court stated, he had "amassed 1,183 images and 259 videos" and was "fully prepared to meet a child." The court found that this "type of acceleration" indicated that Young may pose a danger to the community. While the court ultimately granted a "modest variance" due to Young's sexual abuse as a child, it found that the seriousness of the offense conduct weighed against granting a more significant variance. Young now appeals the reasonableness of his sentence.

**II.**

We review the substantive reasonableness of a sentence under a deferential abuse-of-discretion standard. *United States v. Nagel*, 835 F.3d 1371, 1376 (11th Cir. 2016). In conducting this review, we consider the totality of the circumstances and whether the statutory factors in 18 U.S.C. § 3553(a) support the sentence in question. *United States v. Gonzalez*, 550 F.3d 1319, 1324 (11th Cir. 2008).

The district court must impose "a sentence sufficient, but not greater than necessary, to comply with the purposes" listed in 18 U.S.C. § 3553(a)(2), including the need to reflect the seriousness of the crime, promote respect for the law, provide just punishment, deter criminal conduct, and protect the public. 18 U.S.C. § 3553(a)(2)(A)–(C). The court must also consider the nature and circumstances of the offense, the history and characteristics of the defendant, and the applicable guideline range, among other factors. *See* 18 U.S.C. § 3553(a)(1), (3)–(7). The weight to be assigned to these factors—whether great or slight—is committed to the sound discretion of the district court, and "we will not reweigh the factors." *United States v. Johnson*, 803 F.3d 610, 620 (11th Cir. 2015).

Sentencing courts are afforded "substantial deference," *United States v. Rosales-Bruno*, 789 F.3d 1249, 1256 (11th Cir. 2015), and we may not "set aside a sentence merely because we would have decided that another one is more appropriate," *United States v. Irey*, 612 F.3d 1160, 1191 (11th Cir. 2010) (*en banc*).

6

Rather, we will vacate a sentence only if the party challenging it convinces us that, even after giving a full measure of deference to the sentencing judge, the sentence lies outside the range of reasonable sentences dictated by the facts of the case. *Id.* at 1190–91. Objective indicators of a sentence's reasonableness include being within the guideline range and well below the statutory maximum. *Nagel*, 835 F.3d at 1377.

Nevertheless, while a sentencing court's discretion is substantial, it is not unlimited. *Rosales Bruno*, 789 F.3d at 1255. A district court abuses its discretion and imposes a substantively unreasonable sentence when it "(1) fails to afford consideration to relevant factors that were due significant weight, (2) gives significant weight to an improper or irrelevant factor, or (3) commits a clear error of judgment in considering the proper factors." *Irey*, 612 F.3d at 1189 (quotation marks omitted); *see United States v. Pugh*, 515 F.3d 1179, 1191 (11th Cir. 2008) (stating that a district court's unjustified reliance on a single § 3553(a) factor may be a "symptom" of unreasonableness).

Young maintains that his sentence is substantively unreasonable because the judge "placed inordinate reliance upon the chronology behind Young's collection of child pornography." He asserts that it was "illogical" for the court to assume that Young was a danger to the public due to his "amass[ing]" a substantial collection of child pornography over a three-year period, because the number of images says little

7

in "an era of high-speed internet," when thousands of images can be downloaded nearly as quickly as a few. In Young's view, the evidence actually shows that he is not a danger to the public and that he would be extremely unlikely to reoffend with appropriate treatment. As a result, he contends, his 210-month sentence is greater than necessary to comply with § 3553(a).

Here, Young's total sentence of 210 months of imprisonment is substantively reasonable. To start, the reasonableness of the sentence is supported by the fact that it is both below the applicable guideline range and well below the statutory maximum term of life imprisonment for the enticement offense. *See Nagel*, 835 F.3d at 1377; 18 U.S.C. § 2422(b).

Moreover, the record demonstrates that the district court fully considered the facts of the case and the relevant § 3553(a) factors, including Young's history and characteristics, the seriousness of the offense, and the danger he might pose to the public. Balancing the seriousness of the conduct against certain mitigating factors, including the sexual abuse that Young suffered as a child, the court reasonably concluded that a modest downward variance from the guideline range was warranted. Particularly in light of "the seriousness of child pornography offenses, and the harm they inflict on their victims," *United States v. Carpenter*, 803 F.3d 1224, 1234-36 (11th Cir. 2015), we cannot say that a prison sentence of 210 months

8

lies outside the range of reasonable sentences dictated by the facts of the case. *See Irey*, 612 F.3d at 1190–91.

While Young criticizes the district court for highlighting the number of images and videos involved in the offense, he has not shown that the court abused its discretion. *See id.* at 1189. The number and type of images and videos a defendant possesses are relevant. *See, e.g.*, U.S.S.G. § 2G2.2(b)(4) (enhancement based on content of images); *id.* § 2G2.2(b)(7) (enhancement based on number of images). And in any event, Young misconstrues the court's reasoning regarding the danger he posed to the public. The court was reasonably concerned not solely with the number of images but with the apparent escalation of Young's conduct over a three-year period, from downloading images of child pornography to attempting to meet two young children to engage in sexual activity. It was not unreasonable for the court to conclude that the escalation in Young's conduct indicates he may be a danger to the community. The court was permitted to weigh that factor, among others, in concluding that a more substantial variance from the guideline range was not warranted, and we may not "reweigh the factors" ourselves. *See Johnson*, 803 F.3d at 620.

For these reasons, we affirm Young's 210-month sentence.

**AFFIRMED.**

9